UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PACKAGING PERSONIFIED, INC., | ) |
| Plaintiff, | ) Case No. 16-cv-6945 |
| v. | ) |
| | ) Judge John W. Darrah |
| CLASSIC ICE, LLC, d/b/a ICE KING, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Packaging Personified, Inc. filed a Complaint against Defendant Classic Ice, LLC in the Circuit Court of DuPage County, which was removed to federal court on the basis of diversity jurisdiction. The Complaint alleges one count of breach of contract. Defendant filed a Motion to Dismiss or, in the Alternative, to Transfer [12] based on lack of personal jurisdiction. For the reasons stated below, the Motion [12] is granted in part and denied in part.

### BACKGROUND

Plaintiff is an Illinois corporation with its principal place of business in Carol Stream, Illinois. (Compl. ¶ 1.) Plaintiff designs and manufactures flexible packaging materials, including printed bags. (*Id.*) Defendant is a limited-liability company with its principal place of business in Phoenix, Arizona. (*Id.* ¶ 2.) Defendant manufactures and distributes ice. (*Id.*)

In 2015, Defendant began to purchase packaging materials from Plaintiff. (*Id.* ¶ 5.) In the course of business, Defendant would seek a price quote from Plaintiff for various types of packaging materials. (*Id.* ¶ 6.) If Defendant was satisfied with the quote, it would issue a purchase order to Plaintiff via e-mail. (*Id.* ¶ 7.) Upon receipt and confirmation of the purchase order, Plaintiff would manufacture and ship the requested materials and issue an invoice. (*Id.*

¶¶ 8-9.) Defendant agreed to make payment on the invoices within thirty days. (*Id.* ¶ 10.)

In June 2015, Defendant ordered packaging materials from Plaintiff. (*Id.* ¶ 12.) Defendant also agreed to pay art and plate costs for a custom logo printed on the packaging materials. (*Id.* ¶ 13.) On or about August 7, 2015, and August 12, 2015, Plaintiff shipped the packaging materials to Defendant and issued invoices from Plaintiff's manufacturing plant in Sparta, Michigan. (*Id.* ¶¶ 14-15; Maasen Decl. ¶ 11.) To date, Defendant has not made any payment to Plaintiff on those invoices. (Compl. ¶ 16.)

## LEGAL STANDARD

A motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) challenges personal jurisdiction over a defendant. Plaintiffs bear the burden of establishing that personal jurisdiction exists. *Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 799 (7th Cir. 2014). When deciding a Rule 12(b)(2) motion without an evidentiary hearing, plaintiffs need only make a *prima facie* showing of personal jurisdiction. *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 423-24 (7th Cir. 2010).[1]

For a motion to transfer, the following factors must be present: "(1) venue is proper in both the transferor and transferee courts; (2) a transfer will better serve the convenience of the parties and the witnesses; and (3) a transfer will better serve the interest of justice." *Craik v. Boeing Co.*, 37 F. Supp. 3d 954, 959 (N.D. Ill. 2013) (citing 28 U.S.C. § 1404(a); and *Coffey v.*

---

[1] A court may consider sworn affidavits when determining personal jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Any conflicts in the affidavits, or other supporting materials, are resolved in plaintiff's favor. *Id.* Defendant has submitted the deposition of its president, Ryan Madsen, as Exhibit 1.

*Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986)). The moving party bears the burden and must demonstrate that the desired venue is clearly more convenient. *Id.*

## ANALYSIS

### *Motion to Dismiss*

Defendant argues that this Court cannot exercise personal jurisdiction over it. For diversity jurisdiction purposes, the citizenship of a limited-liability company is the citizenship of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). The members of Defendant are citizens of Arizona and Iowa. "A district court sitting in diversity has personal jurisdiction over a nonresident defendant only if a court of the state in which it sits would have jurisdiction." *Purdue*, 338 F.3d at 779 (citing *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)).

The federal test for personal jurisdiction requires that the defendant must have minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A defendant must have "purposefully established minimum contacts within the forum State" before personal jurisdiction will be found to be reasonable and fair. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). A showing that the defendant "should reasonably anticipate being haled into court [in the forum State]" is crucial to the minimum contacts analysis. *Id.* at 474. An out-of-state party's contract with an in-state party alone is not enough to establish the necessary minimum contacts. *Id.* at 478. Certain factors, such as "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing," may indicate that a party has purposefully

availed itself of the privilege of conducting activities in the forum state, which makes litigating in the forum state foreseeable.  *Id.* at 474, 479.

General personal jurisdiction is permitted where the defendant has "continuous and systematic general business contacts" with the forum state.  *Purdue Research*, 338 F.3d at 787 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *Hyatt*, 302 F.3d at 713; *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997)).  "These contacts must be so extensive to be tantamount to [Defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in an [Illinois] court in any litigation arising out of any transaction or occurrence taking place anywhere in the world."  *Id.*  Defendant is an Iowa limited-liability company that manufactures and distributes ice in Arizona.  (Maasen Decl. ¶ 1.)  Defendant has no offices, facilities, employees, owners, operations, or customers in Illinois and does not manufacture or distribute any products in Illinois.  (*Id.* ¶ 3.)  Defendant does not do business in Illinois or maintain any presence in Illinois.  (*Id.* ¶ 4.)  Defendant is not constructively present in Illinois.  Therefore, general personal jurisdiction is inappropriate.

Specific personal jurisdiction is appropriate where:  "(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities."  *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010) (citing *Burger King*, 471 U.S. at 472).  Specific personal jurisdiction must still comport with traditional notions of fair play and substantial justice.  *Id.* (citing *Int'l Shoe*, 326 U.S. at 316).  Several factors are relevant in making a determination of whether exercising specific personal jurisdiction comports

4

with traditional notions of fair play and substantial justice: "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Felland v. Clifton*, 682 F.3d 665, 677 (7th Cir. 2012) (citing *Burger King*, 471 U.S. at 477 (internal quotation marks omitted)).

In order to exercise specific personal jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State. *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). The connection "must arise out of contacts that the 'defendant himself' creates with the forum State." *Id.* at 1122 (citing *Burger King*, 471 U.S. at 475). Defendant was solicited by Michael Hogan, an agent for Plaintiff, in Arizona. (Maasen Decl. ¶ 5.) Hogan and the President of Defendant, Ryan Maasen, met in Phoenix, Arizona, for initial negotiations. (*Id.* ¶ 7.) Negotiations continued through e-mail and through additional visits to Phoenix by Hogan. (*Id.* ¶ 8.) No written contract was executed between the parties, but the pricing and terms of purchase were negotiated between Maasen and Hogan in Phoenix. (*Id.* ¶ 10.) Warranty terms were negotiated between Maasen and Daniel Imburgia, Plaintiff's General Manager, over the phone, while Imburgia was in Illinois. (Imburgia Decl. ¶ 11.) On or about November 25, 2014, Defendant submitted a credit application to Plaintiff in Illinois. (*Id.* ¶ 9.)

Plaintiff maintains manufacturing facilities in Carol Stream, Illinois, and Sparta, Michigan. (*Id.* ¶ 5.) The bills of lading represented that the products were shipped to Defendant from Plaintiff's manufacturing plant in Sparta, Michigan. Defendant was to remit payment to

Plaintiff to: "PACKAGING PERSONIFIED, INC., 246 Kehoe Blvd, Carol Stream, IL 60188." (Imburgia Decl. ¶ 14.) Defendant sent payments to Plaintiff on or about February 2, 2015, March 14, 2015, and May 29, 2015. (*Id.* ¶ 15.) Terms and conditions on the back of the invoices stated that "any disputes arising from the sale of material shall be governed by, construed, and interpreted in accordance with the laws of the State of Illinois." (*Id.* ¶ 16.) Defendant was unaware of the terms and conditions until after this lawsuit was filed. (Maasen Supp. Decl. ¶ 5.) Defendant did not address, negotiate, or discuss any of the terms on the back of the invoices. (*Id.*)

Contracting with an out-of-state party alone does not automatically establish sufficient minimum contacts in the other party's home forum. *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 493 (7th Cir. 2014). A court must examine "prior negotiations, contemplated future consequences, the terms of the contract, and the parties' course of actual dealing with each other." *Id.* (internal quotations and citations omitted). Defendant did not reach out to Illinois to begin a relationship; the negotiations were instigated by an agent of Plaintiff in Arizona. *See Madison Consulting Group v. South Carolina*, 752 F.2d 1193, 1202 (7th Cir. 1985) ("[t]he question of which party initiated or solicited a business transaction has long been considered pertinent to the constitutional propriety of personal jurisdiction in a suit arising out of the transaction."). The negotiations largely took place in Arizona, with one phone call taking place between Defendant and an individual in Illinois. Nor did Defendant create "continuing obligations between itself and [Plaintiff]." *Purdue*, 338 F.3d at 781. Purchases were made on a per-order basis, and there was no requirement for future purchases. The terms of the contract

6

called for delivery of packaging materials to Defendant in Arizona, and it further appears that the packaging materials were produced in Michigan and shipped directly to Arizona.

Plaintiff points to the choice-of-law provision and the indemnity provision, which were located on the back of invoices, as strong evidence that Defendant intended to purposefully avail itself of Illinois. However, as set out above, Defendant was previously unaware that the provisions existed and did not negotiate or agree to them. Nor is this a case where there is evidence that Defendant could have negotiated those terms. *Compare WAV, Inc. v. Walpole Island First Nation*, 47 F. Supp. 3d 720, 728 (N.D. Ill. 2014) ("[Defendant's] active negotiation of other contractual terms suggests that it was able to negotiate with respect to this provision as well, but did not, or did not do so successfully.").

The only contact that Defendant itself directed at Illinois was the remittance of payments on three occasions, submitting a credit application to Plaintiff, and, perhaps, directing one phone call to Plaintiff's General Manager[2]. These contacts are insufficient to support personal jurisdiction. *See Federated Rural Elec. Ins. Corp. v. Inland Power & Light Co.*, 18 F.3d 389, 395 (7th Cir. 1994) (". . . making telephone calls and mailing payments into the forum state are insufficient bases for jurisdiction."). All other dealings between the companies occurred in Arizona or Michigan. Defendant did not purposefully direct its activities at Illinois or purposefully avail itself of the privilege of conducting activities in Illinois such that exercising specific personal jurisdiction would comport with traditional notions of fair play and substantial justice.

Defendant's Motion to Dismiss [12] for lack of personal jurisdiction is granted.

---

[2] Maasen and Imburgia discussed warranty terms over the phone while Imburgia was in Illinois. However, it is not clear who initiated the call.

*Motion to Transfer*

Defendant also moves that, should the case not be dismissed, the action should be transferred to the United States District Court of Arizona, Phoenix Division. Under 28 U.S.C. § 1404: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "[S]ection 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to [a] . . . case-by-case consideration of convenience and fairness." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010) (citing *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). As there is no personal jurisdiction over the Defendant, the Motion to Transfer [12] is denied as moot.

## **CONCLUSION**

Defendant's Motion to Dismiss, or in the Alternative, to Transfer [12] is granted in part and denied in part. Defendant's Motion to Dismiss [12] is granted based on lack of personal jurisdiction. Defendant's Motion to Transfer [12] is denied as moot.

Date:     October 24, 2016      /s/ JOHN W. DARRAH
                                                                               United States District Court Judge